## Dickerson, Trustee, et al. v. Webster County Board of Education, et al.

(Decided September 28, 1923.)

### Appeal from Webster Circuit Court.

Schools and School Districts—Order of Board of Education Dissolving District Held Invalid.—An order of a board of education, "motioned and seconded that Big Lick and Green River districts

be consolidated with Onton, and Sassafras district be dissolved, and pupils be allowed to attend school at either Onton, Dunville, or Parker," was valid and enforceable in so far as it attempted to consolidate the three districts, but was a nullity as to that separable part which attempted to dissolve the Sassafras district without at taching the pupils to another district or districts, under Kentucky Statutes, section 4426a-5, and the Sassafras district continued to be an entity entitled to have its district school continued.

C. W. BENNETT and C. J. WADDELL for appellants.

THOS. B. McGREGOR, Attorney General, and RAYBURN & WITHERS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

The board of education of Webster county on May 1, 1922, regularly passed the following order, or resolution, which was duly entered upon its records:

"Motioned and seconded that Big Lick and Green River districts be consolidated with Onton, and Sassafras district be dissolved and pupils be allowed to attend school at either Onton, Dunville or Parker."

It was the purpose of the board, as averred in the petition of appellants, to create a consolidated school under section 4426a-5 of the three districts, Big Lick, Green River and Onton, and to dissolve Sassafras district and place it either with the consolidated school at Onton or with the Parker or Dunville district. The order, therefore, resolves itself into two parts clearly separable: (1) That part which relates to a consolidation of Big Lick, Green River and Onton districts into a single school, under section 4425a-6; and (2) to dissolve the Sassafras district. The first part of the order conforms to section 4426a-5, which provides that the "county board of education of any county shall have power to consolidate" "any two or more continuous school subdistricts;" but the second part of the order was beyond the power and authority of the board. It could not dissolve the district without attaching the pupils to another district or districts. We find no authority in the statutes for such action, and inasmuch as the board is the creature of the statute, with its powers limited to those directly conferred by statute, it can do nothing which is not directly or by reasonable implication conferred upon it. It follows, therefore, that the order of the board of May 1st was enforceable in so

far as it attempted to consolidate the three districts but a nullity as to that separable part which attempted to dissolve the Sassafras district.

The petition stated a cause of action in favor of the Sassafras district and its trustees and patron taxpayers, and the general demurrer filed thereto should have been overruled. That district not having been consolidated with the other districts and the board having no authority to dissolve the district without including the territory therein embraced in another district or districts the Sassafras district continued to be and is an entity and entitled to have its district school continued as if the order of May 1, 1922, had not been entered by the board of education, if the averments of the petition be accepted.

For the error of the court in sustaining the general demurrer to the petition and dismissing appellant's cause upon their failure to further plead, the judgment is reversed with directions to allow the parties to plead to an issue and for proceedings not inconsistent with this opinion.

Judgment reversed.